USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: DEC 1 9 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

TIMOTHY FAIG, Individually and On Behalf of All : 
Others Similarly Situated, :
:
                Plaintiff, :
:
-v- :
:
BIOSCRIP, INC., RICHARD M. SMITH, HAI V. :
TRAN, MARY JANE GRAVES, and PATRICIA :
BOGUSZ, :
:
                Defendants. :
-------------------------------------------------------------------- X
-------------------------------------------------------------------- X
:
WEST PALM BEACH POLICE PENSION FUND, :
Individually and On Behalf of All Others Similarly :
Situated, :
:
                Plaintiff, :
:
-v- :
:
BIOSCRIP, INC., RICHARD M. SMITH, HAI V. :
TRAN, MARY JANE GRAVES, PATRICIA BOGUSZ, :
MYRON Z. HOLBUIAK, CHARLOTTE W. COLLINS, :
SAMUEL P. FRIEDER, DAVID R. HUBERS, :
RICHARD L. ROBBINS, STUART A. SAMUELS, :
GORDON H. WOODWARD, KIMBERLEE SEAH, :
JEFFRIES LLC, MORGAN STANLEY & CO. LLC, :
SUNTRUST ROBINSON HUMPHREY, INC., :
DOUGHERTY & COMPANY, and NOBLE :
INTERNATIONAL INVESTMENTS, INC., :
:
                Defendants. :
-------------------------------------------------------------------- X

No. 13 Civ. 06922 (AJN)

MEMORANDUM &
ORDER

No. 13 Civ. 08175 (NRB)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

    Before the Court are *Faig v. Bioscrip*, 13-cv-6992, and *West Palm Beach Police Pension*

1

*Fund v. Bioscrip*, 13-cv-8175, two related securities class actions brought on behalf of all persons or entities that purchased BioScrip securities between August 2011, and late September 2013.[1] Motions to consolidate the cases, appoint lead plaintiff, and approve the selection of class counsel have been filed by Timothy Faig and the Fresno County Employees' Retirement Association ("Fresno").[2] Dkt. Nos. 6, 11. For the reasons that follow, the cases are consolidated, Fresno is appointed as lead plaintiff, and Fresno's selection of lead counsel is approved. Mr. Faig's motion for appointment as lead plaintiff and approval of his selection of class counsel is denied.

## I. CONSOLIDATION

The Court must decide whether to consolidate the actions before deciding on the competing motions for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [on the lead plaintiff] after the decision on the motion to consolidate is rendered."). Consolidation is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides that consolidation is appropriate "[i]f actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see also In re CMED Sec. Litig.*, No. 11. Civ. 9297 (KBF), 2012 WL 1118302, at *1-2 (S.D.N.Y. Apr. 2, 2012). "The trial court has broad discretion to determine whether consolidation is appropriate," *Johnson v. Celotex Corp.* 899 F.2d 1281, 1284-85 (2d Cir. 1990) (citing *Midwest Community Council, Inc. v. Chicago Park Dist.*, 98 F.R.D. 491 (N.D. Ill. 1983); *Stemler v.*

---

[1] The class period proposed by Timothy Faig is August 8, 2011, to September 20, 2013, *see* Faig Br. at 1; and the class period proposed by the West Palm Beach Police Pension Fund ("WPB") is August 11, 2011, to September 23, 2013, *see* WPB Br. at 6.

[2] The WPB filed and subsequently withdrew its own motion to be appointed as lead plaintiff. *See* Dkt. Nos. 8, 14. WPB has stated that it "supports the appointment of Fresno as lead plaintiff and its selection of lead counsel." Dkt. No. 14.

*Burke*, 344 F.2d 393 (6th Cir. 1965)), and may be guided in the exercise of that discretion by consideration of "both equity and judicial economy," *Devlin v. Transp. Comm. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

The two cases involve sufficiently overlapping questions of law and fact to justify consolidation. Both cases allege that BioScrip unlawfully and artificially inflated the price of its securities between approximately August 2011 and September 2013, and both cases allege violations of the Exchange Act. *See generally* Faig Br.; Dkt. No. 9 (WPB Br.), at 6. Both cases, moreover, concern the decline in stock price that occurred following the filing of BioScrip's September 23, 2013, Form 8-K, which revealed that the company had received a civil investigative demand from the U.S. Attorney's Office and a subpoena from the New York Attorney General's Medicaid Fraud Control Unit. *See Faig v. BioScrip, et al.*, Dkt. No. 1 ¶¶ 3-4; *West Palm Beach Police Pension Fund v. BioScrip, et al.*, 13-cv-8175, Dkt. No. 1 ¶¶ 10, 12. Under these circumstances, neither the fact that the two cases have slightly different proposed class periods and defendants, nor the fact that *West Palm Beach* alleges Securities Act violations in addition to Exchange Act violations, precludes consolidation. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.") Accordingly, the motions to consolidate are granted.

## II. APPOINTMENT OF LEAD PLAINTIFF AND SELECTION OF LEAD COUNSEL

A. Legal Standard

The PSLRA provides that the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of

3

adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). For purposes of appointing lead plaintiff, the Court is directed to "adopt a presumption that the most adequate plaintiff. . . is the person or group of persons that—

> (aa) has either filed the complaint or made a motion in response to a [notice advertising the filing of the class action, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may only be rebutted by proof that the purportedly most adequate plaintiff "(aa) will not fairly and adequately protected the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Both movants have satisfied the first prong of the presumption, Faig by filing complaints, and Fresno by filing a timely motion to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i), (A)(i). The Court therefore proceeds to consider each prospective lead plaintiff's showings under the second and third prongs of the test.

### B. Largest Financial Interest

Although the PSLRA does not specify how courts are to determine which plaintiff "has the largest financial interest in the relief sought by the class," courts in this district generally consider the following factors:

> (1) the total number of shares purchased during the class period; (2) the net shares

4

purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133 (JPO), 2012 WL 946875, at *5 (S.D.N.Y. March 19, 2012) (quoting *Kaplan*, 240 F.R.D. at 93). "It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'" *Id.* (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)).

Having considered the above factors, the Court finds that Fresno has the largest financial interest in the relief sought by the class. During the class period, Faig purchased 443 shares of BioScrip stock, from which he suffered a loss of $1,706. Faig Br. at 5. Fresno's financial interest was considerably larger: during the class period, it purchased 58,595 shares of BioScrip stock, from which it sustained losses of approximately $526,843. Fresno Br. at 5; Silk Decl., Exs. C and D. Accordingly, Fresno is presumed to be the most adequate plaintiff, so long as it "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

C. Rule 23

A plaintiff who has satisfied the first two prongs of the test is presumed to be the most adequate plaintiff if it "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 14 U.S.C. § 78u-5(a)(3)(B)(iii)(I). Under Rule 23, a plaintiff may sue on behalf of a class if:

>(1) the class is so numerous that joinder of all members is impracticable;
>
>(2) there are questions of law or fact common to the class;
>
>(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
>(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). When deciding competing motions to be appointed lead plaintiff under the PSLRA, however, a court need not conduct a full analysis of whether the requirements of Rule 23 have been met. Rather, "[a]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met." *Jambay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry. . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

"The typicality requirement is satisfied if the movant shows that class members' claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Peters*, 2012 WL 946875, at *11 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). The lead plaintiff's claims, however, "'need not be identical' to the claims of the class to satisfy this requirement." *Id.* (quoting *Skwortz v. Crayfish Co., Ltd.*, No. 00 Civ. 6766 (DAB), 2001 WL 1160745, at * 6 (S.D.N.Y. Sept. 28, 2001)). In this case, Fresno alleges that it suffered financial losses due to material misstatements made by BioScrip during the class period. *See* Fresno Br. 6. Because Fresno's claims arise from the same course of events as do the claims of other class members, *i.e.* the allegedly material misstatements made by BioScrip during the class period, *cf.* Faig Br. at

7 (stating that Faig's claims arise out of defendants "false or misleading statements of material facts" made during the class period), the Court finds that it has made a sufficient showing of typicality for purposes of deciding on a lead plaintiff under the PSLRA.

The adequacy requirement is satisfied if the movant shows that "(1) class counsel is qualified, experienced, and general able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011) (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Shi v. Sina Corp.*, No. 05 Civ. 2154 (NRB), 2005 WL 1561438, at *2 (S.D.N.Y. July 1, 2005)). Bernstein Litowitz, the firm retained by Fresno, appears competent and experienced in the realm of securities class action litigation. *See* Fresno Br. At 8-9. The Court has been given no reason to believe that there are any conflicts between Fresno and other class members. Fresno's large financial stake, status as an institutional investor, and past experience serving as Lead Plaintiff, moreover, all weigh in favor of a finding that it "has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley*, 272 F.R.D. at 131. In light of the foregoing, the Court finds that Fresno has made a sufficient preliminary showing of adequacy and is therefore presumed to be the most adequate plaintiff under the PSLRA.

### D. Rebuttal Evidence

No member of the purported plaintiff class has alleged or proved that Fresno "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, the presumption that Fresno is the most adequate plaintiff is not rebutted.

E. Selection of Lead Counsel

The PSLRA provides that, subject to the approval of the Court, "[t]he most adequate plaintiff shall. . . select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). In this case, Fresno, the most adequate plaintiff, has selected Bernstein Litowitz as lead counsel. Fresno Br. at 8. Fresno has additionally submitted documentation demonstrating that Bernstein Litowitz is an experienced securities class action law firm, well qualified to act as lead counsel in this case. *See* Silk Decl., Ex. G. Accordingly, the Court approves of Fresno's selection of Bernstein Litowitz as lead counsel.

## III. CONCLUSION

For the foregoing reasons, the motions to consolidate and Fresno's motion for appointment as lead plaintiff and approval of its selection of lead counsel are granted, and Faig's motion for appointment as lead plaintiff and approval of his selection of lead counsel is denied.

Pursuant to Federal Rule of Civil Procedure 42(a), any pending, subsequently filed, removed, or transferred actions that are related to the claims asserted in the captioned actions are consolidated for all purposes. The consolidated action shall be captioned "*In re BioScrip, Inc. Securities Litigation*," and the file shall be maintained under Master File No. 13-cv-06922.

This resolves Docket Numbers 6, 8, and 11.

SO ORDERED.

Dated: December 1**, 2013
New York, New York

_____
ALISON J. NATHAN
United States District Judge

8