UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 11 2016

IN RE BIOSCRIP, INC. SECURITIES
LITIGATION

Civil Action No. 13-cv-6922-AJN

███████████████ **ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in this Court entitled *In re BioScrip, Inc. Securities Litigation*, No. 13-cv-6922 (AJN) (the "Action");

WHEREAS, (a) Lead Plaintiff Fresno County Employees' Retirement Association, on behalf of itself and the Settlement Class (defined below), and (b) defendants BioScrip, Inc. ("BioScrip"), Richard M. Smith, Hai V. Tran, Patricia Bogusz, Myron Z. Holubiak, Charlotte W. Collins, Samuel P. Frieder, David R. Hubers, Richard L. Robbins, Stuart A. Samuels, Gordon H. Woodward, and Kimberlee Seah (the "Individual Defendants"); Jefferies LLC, Morgan Stanley & Co. LLC, SunTrust Robinson Humphrey, Inc., Dougherty & Company, and Noble International Investments, Inc. (the "Underwriter Defendants") and Kohlberg & Co., LLC ("Kohlberg" and, together with BioScrip, the Individual Defendants and the Underwriter Defendants, the "Defendants," and, together with Lead Plaintiff, the "Parties"), have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 18, 2015 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing

notice to members of the Settlement Class (the "Settlement Class Members") as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased the common stock of BioScrip during the period from November 9, 2012 through November 6, 2013, inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) the subsidiaries of BioScrip, the Underwriter Defendants, and Kohlberg; (iv) any persons who served as partners, control persons, officers, and/or directors of BioScrip, the Underwriter Defendants, or Kohlberg during the Settlement Class Period and/or at any other relevant time; (v) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.     **Class Findings** – The Court finds, preliminarily and solely for purposes of the proposed Settlement of this Action, that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff Fresno County Employees' Retirement Association and additional named plaintiff West Palm Beach Police Pension Fund (collectively, "Plaintiffs") in the Action are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds, preliminarily and solely for the purposes of the proposed Settlement of this Action, that Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") pursuant to Federal Rule of Procedure 23(e) on __June 13____, 2016 at 10:00 am. in Courtroom 906 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, for the following purposes:

(a)    to determine for purposes of settlement whether the Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b)    to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court;

(c)    to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved;

(e)    to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved;

(f)    to consider any Settlement Class Members' objections to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; and

(g)    to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 9 of this Order.

6.     The Released Defendant Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of Litigation Expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

7.     The Court may adjourn the Settlement Hearing to a later date without further notice to the Settlement Class. The Court may enter the Judgment approving the Settlement and dismissing the Complaint with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees or reimbursement of Litigation Expenses.

8.     The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, and without further notice to the Settlement Class where to do so would not materially limit the rights of Settlement Class Members.

9.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator"),  solely for the purposes of the proposed Settlement of this Action, to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within ten (10) business days of the date of entry of this Order, BioScrip shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) its shareholder lists (consisting of names and addresses) of the holders of BioScrip common stock during the Settlement Class Period;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by BioScrip or in the records which BioScrip caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

10.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 9 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the

pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7), and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

11.    **Nominee Procedures** – Brokers and other nominees who purchased BioScrip common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such

properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

12.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

13.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim

Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

14.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court, and that has not requested to exclude himself, herself, or itself from the Settlement Class as set forth in paragraph 15 below: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Persons, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 12 above.

15.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *In re BioScrip, Inc. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity

9

"requests exclusion from the Settlement Class in *In re BioScrip, Inc. Securities Litigation*, No. 13-cv-6922 (AJN)"; (iii) state the number of shares of BioScrip common stock that the person or entity requesting exclusion purchased and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.   A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

16.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

17.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Persons, as more fully described in the Stipulation and Notice.

18.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and representative Defendants' Counsel, at the addresses set forth in paragraph 19 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

19.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and representative Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Representative Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP | Kirkland & Ellis LLP |
| Hannah G. Ross, Esq. | Shireen A. Barday, Esq. |
| 1251 Avenue of the Americas, 44th Floor | 601 Lexington Avenue |
|  | New York, NY 10022 |

New York, NY  10020

20.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of BioScrip common stock that the objecting Settlement Class Member purchased and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or

enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from prosecuting any of the Released Plaintiffs' Claims against the Released Defendant Persons.

23.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

24.     **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the

Parties shall revert to their respective positions in the Action as of October 30, 2015, as provided in the Stipulation.

27.    **Use of this Order** – To the extent permitted by Federal Rule of Evidence 408, neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Defendant Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Persons or in any way referred to for any other reason as against any of the Released Defendant Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; *provided, however*, that Released Defendant Persons may file the Stipulation and/or the Judgment and/or the Alternate Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) shall be offered against any of the Released Plaintiff Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released

14

Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

28.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than fourteen (14) calendar days prior to the Settlement Hearing.

29.     The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this ___11th___ day of ___Feb_____, 2016.

The Honorable Alison J. Nathan
United States District Judge

#943524

# Exhibit 1

Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BIOSCRIP, INC. SECURITIES LITIGATION | Civil Action No. 13-cv-6922-AJN |

### NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO:**     All persons who purchased the common stock of BioScrip, Inc. ("BioScrip") during the period from November 9, 2012 through November 6, 2013, inclusive (the "Settlement Class Period"), and were damaged thereby.[1]

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court").

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff Fresno County Employees' Retirement Association ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 23 below), has reached a proposed settlement of the Action for $10,900,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, BioScrip, any other Defendants in the Action, or their counsel. All questions should be directed to the Claims Administrator or Lead Counsel (*see* ¶ 80 below).**

1.     **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that defendant BioScrip; defendants Richard M. Smith, Hai V. Tran, Patricia Bogusz, Myron Z. Holubiak, Charlotte W. Collins, Samuel P. Frieder, David R. Hubers, Richard L. Robbins, Stuart A. Samuels, Gordon H. Woodward, and Kimberlee Seah (the "Individual Defendants"); defendants Jefferies LLC, Morgan Stanley & Co. LLC, SunTrust Robinson Humphrey, Inc.,

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 18, 2015 (the "Stipulation"), which is available at www.BioScripSecuritiesLitigation.com.

Dougherty & Company, and Noble International Investments, Inc. (the "Underwriter Defendants"); and former defendant Kohlberg & Co. LLC ("Kohlberg") (collectively, "Defendants") violated the federal securities laws by making, or controlling others who made, materially false and misleading statements and failing to disclose material facts regarding BioScrip during the Settlement Class Period. Defendants deny that they have violated the federal securities laws or any laws. Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Action. Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made, knowingly or otherwise, any material misstatements or omissions. A more detailed description of the Action is set forth in paragraphs 11-22 below. The proposed Settlement, if approved by the Court, will resolve claims of the Settlement Class, as defined in paragraph 23 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for $10,900,000 in cash (the "Settlement Amount"), which has been deposited into an escrow account. The "Net Settlement Fund" (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes,[2] (b) any Notice and Administration Costs,[3] (c) any Litigation Expenses[4] awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed to Settlement Class Members according to a Court-approved plan of allocation. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimate of the number of shares of BioScrip common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.23 per affected share of BioScrip common stock.[5] Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their shares and the total number of shares for which valid Claim Forms are submitted. Distributions to

---

[2] "Taxes" means (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) all taxes imposed on payments by the Settlement Fund, including withholding taxes; and (iii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

[3] "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the escrow account referenced above.

[4] "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

[5] An affected share might have been traded more than once during the Settlement Class Period, and this average recovery would be the total for all purchasers of that share.

Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2013, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute the Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $250,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per affected share of BioScrip common stock will be approximately $0.06.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Hannah G. Ross, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, (800) 380-8496, blbg@blbglaw.com.

7. **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial and immediate cash benefit for the Settlement Class without the risks and delays inherent in further litigation. Moreover, the substantial cash benefit provided by the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2016.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 30 below) that you have against Defendants and the other |

| | Released Defendant Persons (defined in ¶ 31 below), so it is in your interest to submit a Claim Form. |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2016.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendant Persons concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2016.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, and/or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2016, AND GO TO THE SETTLEMENT HEARING ON _____, 2016 AT __:__ __.M.** | Filing a written objection and notice of intention to appear by _____, 2016, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? .......................................... Page __
What Is This Case About? ............................................ Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class? ............ Page __
What Are Lead Plaintiff's Reasons For The Settlement? ... Page __
What Might Happen If There Were No Settlement? ......... Page __
How Are Settlement Class Members Affected By The Action

And The Settlement?  What Claims Will Be Released By The Settlement? Page __

How Do I Participate In The Settlement?  What Do I Need To Do? Page __

How Much Will My Payment Be?

 What Is The Proposed Plan Of Allocation? Page __

What Payment Are The Attorneys For The Settlement Class Seeking?

 How Will The Lawyers Be Paid? Page __

What If I Do Not Want To Be A Member Of The Settlement Class?

 How Do I Exclude Myself? Page __

When And Where Will The Court Decide Whether To Approve The Settlement?

 Do I Have To Come To The Hearing?  May I Speak At The Hearing If I

 Don't Like The Settlement? Page __

What If I Bought Shares On Behalf Of Someone Else? Page __

Can I See The Court File?  Whom Should I Contact If I

 Have Questions Or Would Like Additional Information? Page __

## WHY DID I GET THIS NOTICE?

8. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  See paragraph 70 below for details about the Settlement Hearing, including the date and location of the hearing.

9. The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased BioScrip common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process will take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. This case is known as *In re BioScrip, Inc. Securities Litigation*, Civil Action No. 13-cv-6922-AJN, and the Court in charge of the case is the United States District Court for the Southern District of New York.  BioScrip is a home-healthcare and pharmaceuticals company.  This Action is a securities class action which alleges that Defendants violated the securities laws by engaging in two separate schemes relating to BioScrip's business.  First, the Action alleges that Defendants made materially false and misleading statements and failed to disclose material

facts relating to BioScrip's alleged participation in a kickback scheme concerning a drug called Exjade. Second, the Action alleges that Defendants concealed certain facts regarding the business condition and results of BioScrip's pharmacy benefit management ("PBM") business segment. The Action alleges that investors were harmed when the truth about these matters was eventually revealed and that the price of BioScrip's common stock declined precipitously as a result. Defendants deny that they have violated the federal securities laws or any laws. Defendants also have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action.

12. Beginning on September 30, 2013, multiple putative securities class action complaints were filed in the Court. In accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4 (the "PSLRA"), notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

13. By Order dated December 19, 2013, the Court consolidated the related actions in the Action, appointed Fresno County Employees' Retirement Association as Lead Plaintiff for the Action, and approved Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

14. On February 19, 2014, Lead Plaintiff filed and served its Consolidated Class Action Complaint (the "Complaint"). In the Complaint, Lead Plaintiff and additional named plaintiff West Palm Beach Police Pension Fund asserted claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against BioScrip and certain of the Individual Defendants, and under Section 20(a) of the Exchange Act against Kohlberg and certain of the Individual Defendants. The Complaint also asserted claims under Section 11 of the Securities Act of 1933 (the "Securities Act") against BioScrip, the Individual Defendants, and the Underwriter Defendants, under Section 12(a)(2) of the Securities Act against BioScrip and the Underwriter Defendants, and under Section 15 of the Securities Act against the Individual Defendants and Kohlberg. The Complaint alleged that Defendants made, or controlled others who made, materially false and misleading statements and failed to disclose material facts about BioScrip's alleged participation in the alleged Exjade kickback scheme and about the business condition and results of BioScrip's PBM segment. The Complaint alleged that these false and misleading statements and material omissions caused the price of BioScrip common stock to be artificially inflated.

15. On April 28, 2014, Defendants filed and served their motions to dismiss the Complaint. On June 27, 2014, Lead Plaintiff filed and served its papers in opposition to the motions, and on July 28, 2014, Defendants filed and served their reply papers.

16. On March 31, 2015, the Court entered its Memorandum Decision and Order granting in part and denying in part Defendants' motions to dismiss the Complaint.[6]

17. On April 14, 2015, Defendants filed a motion for partial reconsideration of the Court's March 31, 2015 Memorandum Decision and Order on their motions to dismiss. On April 28, 2015, Lead Plaintiff filed and served its papers in opposition to the motion for partial reconsideration, and on May 8, 2015, Defendants filed and served their reply papers.

---

[6] The Court's March 31, 2015 Memorandum Decision and Order dismissed all claims asserted against Kohlberg in the Complaint.

18. On June 5, 2015, the Court issued a Memorandum and Order denying Defendants' motion for partial reconsideration.

19. On May 21, 2015, Defendants filed their answers and affirmative defenses to the Complaint, denying any violations of the Securities Act or the Exchange Act or liability as alleged in the Complaint.

20. Discovery in the Action commenced in June 2015. Defendants have produced approximately 800,000 pages of documents, and Lead Counsel has reviewed and analyzed these documents.

21. Following extensive arm's-length negotiations, including significant mediation efforts conducted by former United States District Judge Layn Phillips in September and October 2015, the Parties reached an agreement to settle the Action in return for a cash payment of $10,900,000 that BioScrip will pay or cause to be paid for the benefit of the Settlement Class. On December 18, 2015, the Parties entered into the Stipulation and Agreement of Settlement (the "Stipulation") setting forth the terms and conditions of the Settlement. The Stipulation can be viewed at www.BioScripSecuritiesLitigation.com.

22. On _____, 20__, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

23. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who purchased the common stock of BioScrip during the period from November 9, 2012 through November 6, 2013, inclusive (the "Settlement Class Period"), and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) the subsidiaries of BioScrip, the Underwriter Defendants, and Kohlberg; (iv) any persons who served as partners, control persons, officers, and/or directors of BioScrip, the Underwriter Defendants, or Kohlberg during the Settlement Class Period and/or at any other relevant time; (v) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page [__] below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED**

**TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2016.**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

24. Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. In particular, Lead Plaintiff recognizes that Defendants have significant arguments that their alleged misstatements were not materially misleading and that, even if they made materially misleading statements, they did not do so intentionally or recklessly. Lead Plaintiff also would face challenges with respect to establishing loss causation and class-wide damages. Lead Plaintiff recognizes that Defendants have substantial arguments that the decline in BioScrip's stock price during the Settlement Class Period was not caused by revelations concerning the alleged Exjade kickback scheme or the PBM segment, and that even if some portion of the decline in BioScrip's stock price was caused by these revelations, damages were minimal. Had any of these arguments been accepted in whole or part, they could have eliminated or, at a minimum, dramatically limited any potential recovery. Further, Lead Plaintiff would have had to prevail at several stages – class certification, motion for summary judgment and trial – and if it prevailed at those stages, the appeals that were likely to follow. Moreover, there were also very real risks to recovering a judgment substantially larger than the Settlement in light of BioScrip's financial condition and limited officer and directors' insurance. Thus, there were very significant risks attendant to the continued prosecution of the Action.

25. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $10,900,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller or no recovery after summary judgment, trial, and appeals, possibly years in the future.

26. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Defendants deny the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

27. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

28. As a Settlement Class Member, you are represented by Lead Plaintiff Fresno County Employees' Retirement Association, additional named plaintiff West Palm Beach Police Pension Fund, and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel. Settlement Class Members may enter an appearance through an attorney if they so desire, but such counsel must file and serve a notice of appearance as provided in paragraphs 75 and 76 below and will be retained at the individual Settlement Class Member's expense.

29. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the Action against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective current and future heirs, executors, administrators, predecessors, successors, attorneys, insurers, agents, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 30 below) against the Released Defendant Persons (as defined in ¶ 31 below), and shall forever be barred and enjoined from commencing any action with respect to, instituting any action with respect to, or prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Persons.

30. "Released Plaintiffs' Claims" means any and all claims, debts, demands, rights, liabilities, or causes of action (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or amounts), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether individual, class or of any other description, including both known claims and Unknown Claims (i) that have been asserted in the Action against any of the Defendants, or (ii) that could have been asserted in the Action or in any forum by Lead Plaintiff and/or the Settlement Class Members or any of them, or by their heirs, agents, executors, administrators, trustees, beneficiaries, predecessors, successors, attorneys, or assigns, in their capacities as such, against any of the Released Defendant Persons, which arise out of or are related to any of the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint (including, without limitation, those concerning (a) Exjade, (b) any government investigation concerning Exjade, and (c) BioScrip's PBM business) and that relate to the purchase or sale of BioScrip common stock during the Settlement Class Period. Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims that are or were asserted in any ERISA or derivative actions pending or the subject of an appeal as of October 30, 2015, including but not limited to *Park Employees & Retirement Board Employees' Annuity & Benefit Fund of Chicago v. Richard M. Smith, et al.*, C.A. No. 11000-VCG (Del. Ch.); and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

31. "Released Defendant Persons" means Defendants and their current and former parents, affiliates and subsidiaries, all current and former officers, directors, members, agents, employees and attorneys of each of the foregoing, in their capacities as such, and all insurers (and their reinsurers), successors, predecessors, assigns and assignees of the foregoing, in their capacities as such.

32. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

33. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective current and future heirs, executors, administrators, predecessors, successors, attorneys, insurers, agents, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 34 below) against Lead Plaintiff and the other Released Plaintiff Persons (as defined in ¶ 35 below), and shall forever be barred and enjoined from commencing any action with respect to, instituting any action with respect to, or prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Persons.

34. "Released Defendants' Claims" means any and all claims, debts, demands, rights, liabilities or causes of action (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or amounts), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including both known and Unknown Claims, that (i) have been or could have been asserted in the Action or in any forum by the Defendants, or any of them, or the successors and assigns of any of them, in their capacities as such, against Lead Plaintiff, Settlement Class Members, or any of their attorneys, and (ii) arise out of or relate in any way to the institution, prosecution, or Settlement of the Action. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person

or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

35. "Released Plaintiff Persons" means Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their current and former parents, affiliates and subsidiaries, all current and former officers, directors, members, agents, employees and attorneys of each of the foregoing, in their capacities as such, and all insurers (and their reinsurers), successors, predecessors, assigns and assignees of the foregoing, in their capacities as such.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

---

36. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than** _____, 2016. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.BioScripSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-217-4456. Please retain all records of your ownership of and transactions in BioScrip common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

---

### HOW MUCH WILL MY PAYMENT BE?
### WHAT IS THE PROPOSED PLAN OF ALLOCATION?

---

37. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement. A Claimant's recovery will depend upon several factors, including when and at what prices he, she, or it purchased or sold the shares, and the total number of shares for which valid Claim Forms are submitted.

38. As set forth above, BioScrip has agreed to pay or caused to be paid $10.9 million to settle the Action. The Settlement Amount has been deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

39. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

40. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

41. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

42. Unless the Court orders otherwise, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2016 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member will release the Released Plaintiffs' Claims (as defined in ¶ 30 above) against the Released Defendant Persons (as defined in ¶ 31 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Persons whether or not such Settlement Class Member submits a Claim Form.

43. Participants in and beneficiaries of a plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA Plan") should NOT include any information relating to their transactions in BioScrip common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased outside of the ERISA Plan. Claims based on any ERISA Plan's purchases of BioScrip common stock during the Settlement Class Period may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

44. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

45. Only Settlement Class Members, *i.e.*, persons and entities who purchased BioScrip common stock during the Settlement Class Period and were damaged as a result of such purchases, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only security that is included in the Settlement is BioScrip common stock.

## PROPOSED PLAN OF ALLOCATION

46. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

47. In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the potential amount of estimated artificial inflation in the per share closing prices of BioScrip

common stock that allegedly was proximately caused by Defendants' materially false and misleading statements and omissions. In calculating the estimated artificial inflation caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in BioScrip common stock in reaction to certain public announcements regarding BioScrip in which the misrepresentations and omissions were alleged to have been revealed to the market, adjusting for price changes that were attributable to market or industry forces, the evidence developed in support of the allegations in the Complaint, and the strength of the claims.

48.  For all shares purchased during the Settlement Class Period (with the exception of shares purchased in the April 18, 2013 offering of BioScrip common stock (the "April 18, 2013 Offering")), the estimated artificial inflation in BioScrip common stock is shown in Table A at the end of this Notice.

49.  Under the Court's prior rulings, shares purchased in the April 18, 2013 Offering have claims related to alleged misrepresentations in the Offering Documents related to BioScrip's PBM business for which other shares (including shares purchased in the August 14, 2013 offering of BioScrip common stock) do not have claims. As a result, shares purchased in the April 18, 2013 Offering have additional inflation per share related to these additional alleged misrepresentations. The estimated artificial inflation in BioScrip common stock for shares purchased in the April 18, 2013 Offering, adjusted for price changes that were attributable to market or industry forces, the evidence developed in support of the allegations in the Complaint, and the strength of the claims, is shown in Table B at the end of this Notice.[7]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

50.  Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of BioScrip common stock during the Settlement Class Period that is listed on the Proof of Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number under the formula below, that Recognized Loss Amount will be zero.

51.  For each share of BioScrip common stock purchased from November 9, 2012 through November 6, 2013, inclusive (except shares purchased in the April 18, 2013 Offering) and:

    (a)    Sold from November 9, 2012 through the close of trading on November 6, 2013, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share stated in Table A on the date of purchase minus the amount of artificial inflation per share stated in Table A on the date of sale; or (ii) the purchase price minus the sale price.

    (b)    Sold from November 7, 2013 through the close of trading on February 4, 2014, the Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation per share stated in Table A on the date of purchase; (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing

---

[7] More specifically, shares purchased in the April 18, 2013 Offering have additional inflation (over and above the inflation for all other shares purchased during the Settlement Class Period) resulting from the alleged corrective disclosure that occurred after the close of trading on August 7, 2013.

price between November 7, 2013 and the date of sale stated in Table C at the end of this Notice.

(c) Held as of the close of trading on February 4, 2014, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share stated in Table A on the date of purchase; or (ii) the purchase price minus $6.99, the average closing price for BioScrip common stock between November 7, 2013 and February 4, 2014 (the last entry on Table C).[8]

52. For each share of BioScrip common stock purchased in the April 18, 2013 Offering and:

(a) Sold from April 18, 2013 through the close of trading on November 6, 2013, the Recognized Loss Amount will be *the lesser of*: (i) $2.99 (the amount of artificial inflation per share on April 18, 2013) minus the amount of artificial inflation per share stated in Table B on the date of the sale; or (ii) $12.00 (the Offering Price) minus the sale price.

(b) Held as of the close of trading on November 6, 2013, the Recognized Loss Amount will be $2.99 (the amount of artificial inflation per share on April 18, 2013).

## ADDITIONAL PROVISIONS

53. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 56 below) is $10.00 or greater.

54. If a Settlement Class Member has more than one purchase or sale of BioScrip common stock, purchases and sales will be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Settlement Class Period.

55. A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

56. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized

---

[8] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of BioScrip common stock during the 90-day look-back period. The mean (average) closing price for BioScrip common stock during this 90-day look-back period was $6.99.

Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

57.     Purchases and sales of BioScrip common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of BioScrip common stock during the Settlement Class Period will not be deemed a purchase or sale of BioScrip common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase of BioScrip common stock unless (i) the donor or decedent purchased the shares during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

58.     The date of covering a "short sale" is deemed to be the date of purchase of the BioScrip common stock. The date of a "short sale" is deemed to be the date of sale of BioScrip common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in BioScrip common stock, his, her, or its earliest Settlement Class Period purchases of BioScrip common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

59.     Option contracts are not securities eligible to participate in the Settlement. With respect to shares of BioScrip common stock purchased or sold through the exercise of an option, the purchase/sale date of the BioScrip common stock is the exercise date of the option and the purchase/sale price of the BioScrip common stock is the exercise price of the option.

60.     If a Claimant had a market gain with respect to his, her, or its overall transactions in BioScrip common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in BioScrip common stock during the Settlement Class Period but that market loss was less than the Claimant's total Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the actual market loss.

61.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in BioScrip common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[9] and (ii) the sum of the Total Sales Proceeds[10] and Holding Value.[11]

---

[9] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for BioScrip common stock purchased during the Settlement Class Period.

[10] The Claims Administrator will match any sales of BioScrip common stock during the Settlement Class Period first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of BioScrip common stock sold during the Settlement Class Period will be the "Total Sales Proceeds".

[11] The Claims Administrator will ascribe a value of $5.65 per share for BioScrip common stock purchased during the Settlement Class Period and still held as of the close of trading on November 6, 2013 (the "Holding Value").

This difference will be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in BioScrip common stock during the Settlement Class Period.

62. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

63. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Lead Plaintiff's damages expert, Defendants, Defendants' Counsel, or any of the other Released Plaintiff Persons or Released Defendant Persons, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants and their respective counsel, and all other Released Defendant Persons, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

64. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.BioScripSecuritiesLitigation.com.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

---

65. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses incurred in the prosecution of this Action. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an

amount not to exceed $250,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

---

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

---

66.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class addressed to *In re BioScrip, Inc. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217. The exclusion request must be *received* no later than _____, 2016. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re BioScrip, Inc. Securities Litigation*, No. 13-cv-6922 (AJN)"; (c) state the number of shares of BioScrip common stock that the person or entity requesting exclusion purchased and/or sold during the Settlement Class Period (*i.e.*, from November 9, 2012 through November 6, 2013, inclusive), as well as the dates and prices of each such purchase and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

67.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendant Persons.

68.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

69.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

---

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

---

70.     The Settlement Hearing will be held on _____, 2016 at __:__ _.m., before the Honorable Alison J. Nathan at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, Courtroom 906, 40 Foley Square, New York, NY 10007. The Court reserves the right to approve the Settlement, the Plan of Allocation,

Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

71. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. Participation in the Settlement is not conditioned on attendance at the Settlement Hearing.**

72. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2016. You must also serve the papers on Lead Counsel and on representative Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____, 2016.

| **Clerk's Office** | **Lead Counsel** | **Representative Defendants' Counsel** |
|---|---|---|
| United States District Court Southern District of New York Clerk of the Court Thurgood Marshall   United States Courthouse 40 Foley Square New York, NY 10007 | **Bernstein Litowitz Berger & Grossmann LLP** Hannah G. Ross, Esq. 1251 Avenue of the Americas,   44th Floor New York, NY 10020 | **Kirkland & Ellis LLP** Shireen A. Barday, Esq. 601 Lexington Avenue New York, NY 10022 |

73. Any objection: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of BioScrip common stock that the objecting Settlement Class Member purchased and/or sold during the Settlement Class Period (*i.e.*, from November 9, 2012 through November 6, 2013, inclusive), as well as the dates and prices of each such purchase and sale. Documents sufficient to prove membership in the Settlement Class include brokerage statements, confirmation slips, or authorized statements from a broker containing the transaction and holding information found in a confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

74. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

75. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____**, 2016.** Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

76. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and representative Defendants' Counsel at the addresses set forth in ¶ 72 above so that the notice is *received* on or before _____, 2016.

77. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

78. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON BEHALF OF SOMEONE ELSE?

79. If you purchased BioScrip common stock from November 9, 2012 through November 6, 2013, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re BioScrip, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.BioScripSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-866-217-4456.

80.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. Additionally, copies of the Stipulation, this Notice, the Claim Form, the proposed Judgment, and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.BioScripSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form, or requests for additional information, should be directed to:

| *In re BioScrip, Inc. Securities Litigation* | and/or | Hannah G. Ross, Esq. |
|---|---|---|
| c/o A.B. Data, Ltd. | | BERNSTEIN LITOWITZ BERGER |
| P.O. Box 170500 | | & GROSSMANN LLP |
| Milwaukee, WI 53217 | | 1251 Avenue of the Americas, 44th |
| 866-217-4456 | | Floor |
| www.BioScripSecuritiesLitigation.com | | New York, NY 10020 |
| | | (800) 380-8496 |
| | | blbg@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE
CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL
REGARDING THIS NOTICE.**

Dated: _____

By Order of the Court
United States District Court
Southern District of New York

#943606

20

## TABLE A

**Alleged Purchase and Sale Inflation for All Purchases Except Shares Purchased in the April 18, 2013 Offering, to be used solely to determine the allocation of the Net Settlement Fund**

| Transaction Date | Inflation Per Share |
|---|---|
| November 9, 2012 – September 22, 2013 | $1.39 |
| September 23, 2013 – November 6, 2013 | $0.77 |

## TABLE B

**Alleged Sale Inflation for Shares Purchased in the April 18, 2013 Offering, to be used solely to determine the allocation of the Net Settlement Fund**

| Transaction Date | Inflation Per Share |
|---|---|
| April 18, 2013 – August 7, 2013 | $2.99 |
| August 8, 2013 – September 22, 2013 | $1.39 |
| September 23, 2013 – November 6, 2013 | $0.77 |

# TABLE C

## BioScrip Closing Price and Average Closing Price
### November 7, 2013 – February 4, 2014

| Date | Closing Price | Average Closing Price Between November 7, 2013 and Date Shown | Date | Closing Price | Average Closing Price Between November 7, 2013 and Date Shown |
|---|---|---|---|---|---|
| 11/7/2013 | $5.65 | $5.65 | 12/20/2013 | $7.19 | $6.31 |
| 11/8/2013 | $6.14 | $5.90 | 12/23/2013 | $7.46 | $6.34 |
| 11/11/2013 | $6.05 | $5.95 | 12/24/2013 | $7.26 | $6.37 |
| 11/12/2013 | $5.99 | $5.96 | 12/26/2013 | $7.09 | $6.39 |
| 11/13/2013 | $5.77 | $5.92 | 12/27/2013 | $7.15 | $6.41 |
| 11/14/2013 | $5.79 | $5.90 | 12/30/2013 | $7.27 | $6.44 |
| 11/15/2013 | $5.86 | $5.89 | 12/31/2013 | $7.40 | $6.46 |
| 11/18/2013 | $5.76 | $5.88 | 1/2/2014 | $7.29 | $6.48 |
| 11/19/2013 | $5.67 | $5.85 | 1/3/2014 | $7.34 | $6.51 |
| 11/20/2013 | $5.85 | $5.85 | 1/6/2014 | $7.03 | $6.52 |
| 11/21/2013 | $6.03 | $5.87 | 1/7/2014 | $7.11 | $6.53 |
| 11/22/2013 | $5.95 | $5.88 | 1/8/2014 | $7.36 | $6.55 |
| 11/25/2013 | $5.86 | $5.87 | 1/9/2014 | $7.43 | $6.57 |
| 11/26/2013 | $5.90 | $5.88 | 1/10/2014 | $7.52 | $6.60 |
| 11/27/2013 | $6.92 | $5.95 | 1/13/2014 | $7.66 | $6.62 |
| 11/29/2013 | $6.81 | $6.00 | 1/14/2014 | $7.57 | $6.64 |
| 12/2/2013 | $6.54 | $6.03 | 1/15/2014 | $7.66 | $6.66 |
| 12/3/2013 | $6.36 | $6.05 | 1/16/2014 | $7.61 | $6.68 |
| 12/4/2013 | $6.26 | $6.06 | 1/17/2014 | $7.54 | $6.70 |
| 12/5/2013 | $6.35 | $6.08 | 1/21/2014 | $8.26 | $6.73 |
| 12/6/2013 | $6.45 | $6.09 | 1/22/2014 | $8.11 | $6.76 |
| 12/9/2013 | $6.35 | $6.11 | 1/23/2014 | $8.39 | $6.79 |
| 12/10/2013 | $6.42 | $6.12 | 1/24/2014 | $8.27 | $6.82 |
| 12/11/2013 | $6.38 | $6.13 | 1/27/2014 | $8.11 | $6.84 |
| 12/12/2013 | $6.57 | $6.15 | 1/28/2014 | $8.24 | $6.87 |
| 12/13/2013 | $6.53 | $6.16 | 1/29/2014 | $8.25 | $6.89 |
| 12/16/2013 | $6.54 | $6.18 | 1/30/2014 | $8.55 | $6.92 |
| 12/17/2013 | $7.12 | $6.21 | 1/31/2014 | $8.51 | $6.95 |
| 12/18/2013 | $7.03 | $6.24 | 2/3/2014 | $8.51 | $6.97 |
| 12/19/2013 | $7.39 | $6.28 | 2/4/2014 | $8.18 | $6.99 |

# Exhibit 2

Exhibit 2

*In re BioScrip, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217
1-866-217-4456
www.BioScripSecuritiesLitigation.com

# PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, **POSTMARKED NO LATER THAN _____, 2016.**

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECEIVE ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL.  SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | — |
| **PART II – GENERAL INSTRUCTIONS** | — |
| **PART III – SCHEDULE OF TRANSACTIONS IN BIOSCRIP COMMON STOCK** | — |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | — |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the shares are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:          Zip Code:                          Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[1]

Daytime Telephone Number:                              Evening Telephone Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

## PART II – GENERAL INSTRUCTIONS

1.     It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.     By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page __ of the Notice, which sets forth who is included in and who is excluded from the Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.     **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.     Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of BioScrip common stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of BioScrip common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.     Please note: Only BioScrip common stock purchased during the Settlement Class Period (*i.e.*, from November 9, 2012 through November 6, 2013, inclusive) is eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of BioScrip common stock during the period from November 7, 2013 through February 4, 2014, inclusive, will be used for purposes of calculating your claim under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided.

6.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of BioScrip common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a

broker confirmation slip or account statement. Please note that monthly statements may not be sufficient to provide the required support to demonstrate that your shares of BioScrip common stock were purchased in BioScrip's secondary offering of common stock that occurred on or about April 18, 2013. In order to establish that shares of BioScrip common stock were purchased in this offering, you may have to provide the confirmation slips for such purchases. The Parties and the Claims Administrator do not independently have information about your investments in BioScrip common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

7.     Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.     All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form. If you purchased BioScrip common stock during the Settlement Class Period and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased BioScrip common stock during the relevant time period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

9.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)     expressly state the capacity in which they are acting;

      (b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the BioScrip common stock; and

      (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.     By submitting a signed Claim Form, you will be swearing that you:

      (a)     own(ed) the BioScrip common stock you have listed in the Claim Form; or

      (b)     are expressly authorized to act on behalf of the owner thereof.

11.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or

fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.     **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address or by toll-free phone at 1-866-217-4456, or you may download the documents from www.BioScripSecuritiesLitigation.com.

15.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at www.BioScripSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at efiling@abdata.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efiling@abdata.com to inquire about your file and confirm it was received and acceptable.**

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 217-4456.**

# PART III – SCHEDULE OF TRANSACTIONS IN BIOSCRIP COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above. Do not include information regarding securities other than BioScrip common stock.

| | | | | | |
|---|---|---|---|---|---|
| **1. HOLDINGS AS OF NOVEMBER 9, 2012** – State the total number of shares of BioScrip common stock held as of the opening of trading on November 9, 2012. (Must be documented.) If none, write "zero" or "0." _____ | | | | | Confirm Proof of Position Enclosed |

| | | | | | |
|---|---|---|---|---|---|
| **2. PURCHASES/ACQUISITIONS FROM NOVEMBER 9, 2012 THROUGH NOVEMBER 6, 2013** – Separately list each and every purchase/acquisition (including free receipts) of BioScrip common stock from after the opening of trading on November 9, 2012 through and including the close of trading on November 6, 2013. (Must be documented.) | | | | | **IF NONE, CHECK HERE** ○ |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Check here if shares were purchased in April 18, 2013 offering | Confirm Proof of Purchase Enclosed |
| /    / | | $ | $ | | |
| /    / | | $ | $ | | |
| /    / | | $ | $ | | |
| /    / | | $ | $ | | |

| | | | | | |
|---|---|---|---|---|---|
| **3. PURCHASES/ACQUISITIONS FROM NOVEMBER 7, 2013 THROUGH FEBRUARY 4, 2014** – State the total number of shares of BioScrip common stock purchased/acquired (including free receipts) from after the opening of trading on November 7, 2013 through and including the close of trading on February 4, 2014. If none, write "zero" or "0."[2] _____ | | | | | |

| | | | | |
|---|---|---|---|---|
| **4. SALES FROM NOVEMBER 9, 2012 THROUGH FEBRUARY 4, 2014** – Separately list each and every sale/disposition (including free deliveries) of BioScrip common stock from after the opening of trading on November 9, 2012 through and including the close of trading on February 4, 2014. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | |
| /    / | | $ | $ | |

---

[2] **Please note**: Information requested with respect to your purchases/acquisitions of BioScrip common stock from after the opening of trading on November 7, 2013 through and including the close of trading on February 4, 2014 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| | | | | |
|---|---|---|---|---|
| / / | | $ | $ | |
| / / | | $ | $ | |

**5. HOLDINGS AS OF FEBRUARY 4, 2014** – State the total number of shares of BioScrip common stock held as of the close of trading on February 4, 2014. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed

---

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE \_\_
OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) current and future heirs, executors, administrators, predecessors, successors, attorneys, insurers, agents, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Released Defendant Persons and shall forever be barred and enjoined from commencing any action with respect to, instituting any action with respect to, or prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Persons.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

      1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

      2.     that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

      3.     that the claimant has **not** submitted a request for exclusion from the Settlement Class;

      4.     that I (we) own(ed) the BioScrip common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Persons to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

      5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases of BioScrip common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

      6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

      7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

      8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

      9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____    _____
Signature of claimant                                                                                Date

_____
Print your name here

_____    _____
Signature of joint claimant, if any                                                          Date

_____
Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____    _____
Signature of person signing on behalf of claimant                                Date

_____
Print your name here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see paragraph 9 on page __ of this Claim Form.)

## REMINDER CHECKLIST:

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-866-217-4456.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address or toll free at 1-866-217-4456, visit www.BioScripSecuritiesLitigation.com or email info@BioScripSecuritiesLitigation.com. Please DO NOT call BioScrip, any other Defendants, or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN** _____, 2016, ADDRESSED AS FOLLOWS:

*In re BioScrip, Inc. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217
1-866-217-4456
www.BioScripSecuritiesLitigation.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2016 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

#944078

# Exhibit 3

Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BIOSCRIP, INC. SECURITIES LITIGATION | Civil Action No. 13-cv-6922-AJN |

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

**TO: All persons and entities who purchased the common stock of BioScrip, Inc. ("BioScrip") during the period from November 9, 2012 through November 6, 2013, inclusive, and were damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT, AND YOU MAY BE ENTITLED TO SHARE IN THE $10,900,000 SETTLEMENT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the parties in the above-captioned litigation (the "Action") have reached a proposed settlement for $10,900,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

YOU ARE ALSO NOTIFIED that the Action has been certified for settlement purposes only as a class action on behalf of the Settlement Class. Certain persons and entities are, however, excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), which more completely describes the Settlement and your rights thereunder. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re BioScrip, Inc. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 170500, Milwaukee, WI 53217, 1-866-217-4456. Copies of the Notice and Claim Form can also be downloaded from www.BioScripSecuritiesLitigation.com.

A hearing will be held on _____, 2016 at __:__ _.m., before the Honorable Alison J. Nathan at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, Courtroom 906, 40 Foley Square, New York, NY 10007, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated

December 18, 2015 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2016. If you are a member of the Settlement Class and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2016, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and representative Defendants' Counsel such that they are *received* no later than _____, 2016, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, BioScrip, the other Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*In re BioScrip, Inc. Securities Litigation,*
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217
(866) 217-4456
www.BioScripSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
Hannah G. Ross, Esq.
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
(800) 380-8496
blbg@blbglaw.com

By Order of the Court

# Exhibit 4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BIOSCRIP, INC. SECURITIES LITIGATION | Civil Action No. 13-cv-6922-AJN |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of December 18, 2015 (the "Stipulation") is hereby submitted to the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among Lead Plaintiff Fresno County Employees' Retirement Association ("Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below), BioScrip, Inc. ("BioScrip"), Richard M. Smith, Hai V. Tran, Patricia Bogusz, Myron Z. Holubiak, Charlotte W. Collins, Samuel P. Frieder, David R. Hubers, Richard L. Robbins, Stuart A. Samuels, Gordon H. Woodward, and Kimberlee Seah (the "Individual Defendants"), Jefferies LLC, Morgan Stanley & Co. LLC, SunTrust Robinson Humphrey, Inc., Dougherty & Company, and Noble International Investments, Inc. (the "Underwriter Defendants") and Kohlberg & Co., LLC ("Kohlberg" and together with BioScrip, the Individual Defendants, and the Underwriter Defendants, the "Defendants"), by and through their respective counsel. This Stipulation embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

A.    Beginning on September 30, 2013, multiple putative securities class action complaints were filed in the United States District Court for the Southern District of New York (the "Court"). In accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended (the "PSLRA"), notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

B.    By Order dated December 19, 2013, the Court consolidated the related actions in the Action, appointed Fresno County Employees' Retirement Association as Lead Plaintiff for the Action, and approved Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

C.    On February 19, 2014, Lead Plaintiff filed and served its Consolidated Class Action Complaint (the "Complaint"). In the Complaint, Lead Plaintiff and additional named plaintiff West Palm Beach Police Pension Fund asserted claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against BioScrip and certain of the Individual Defendants, and under Section 20(a) of the Exchange Act against Kohlberg and certain of the Individual Defendants. The Complaint also asserted claims under Section 11 of the Securities Act of 1933 (the "Securities Act") against BioScrip, the Individual Defendants and the Underwriter Defendants, under Section 12(a)(2) of the Securities Act against BioScrip and the Underwriter Defendants, and under Section 15 of the Securities Act against the Individual Defendants and Kohlberg.

D.     On April 28, 2014, Defendants filed and served their motions to dismiss the Complaint.  On June 27, 2014, Lead Plaintiff filed and served its papers in opposition to the motions, and on July 28, 2014, Defendants filed and served their reply papers.

E.     On March 31, 2015, the Court entered its Memorandum Decision and Order granting in part and denying in part Defendants' motions to dismiss the Complaint.[2]

F.     On April 14, 2015, Defendants filed a motion for partial reconsideration of the Court's March 31, 2015 Memorandum Decision and Order on their motions to dismiss.  On April 28, 2015, Lead Plaintiff filed and served its papers in opposition to the motion for partial reconsideration, and on May 8, 2015, Defendants filed and served their reply papers.

G.     On June 5, 2015, the Court issued a Memorandum and Order denying Defendants' motion for partial reconsideration.

H.     On May 21, 2015, Defendants filed their answers and affirmative defenses to the Complaint, denying any violations of the Securities Act or the Exchange Act or liability as alleged in the Complaint.

I.     Discovery in the Action commenced in June 2015. Defendants have produced approximately 800,000 pages of documents, and Lead Plaintiff has reviewed and analyzed these documents.

J.     Following extensive arm's-length negotiations, including significant mediation efforts conducted by former United States District Judge Layn Phillips in September and October 2015, the Parties reached an agreement to settle the Action as set forth herein. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

---

[2] The Court's March 31, 2015 Memorandum Decision and Order dismissed all claims asserted against Kohlberg in the Complaint.

K.      Based upon their investigation, prosecution and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

L.      This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants has denied and continues to deny any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  The Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, that the

4

Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Released Defendant Persons and all Released Defendants' Claims as against the Released Plaintiff Persons shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.     As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)     "Action" means the consolidated securities class action in the matter styled *In re BioScrip, Inc. Securities Litigation*, No. 13-cv-6922 (AJN), and includes all actions consolidated therein.

(b)     "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)     "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)     "BioScrip" means BioScrip, Inc.

(e)     "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(f)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(g)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(h)     "Claims Administrator" means the firm retained by Lead Plaintiff and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Complaint" means the Consolidated Class Action Complaint filed by Lead Plaintiff in the Action on February 19, 2014.

(k)     "Court" means the United States District Court for the Southern District of New York.

(l)     "Defendants" means, collectively, BioScrip, the Individual Defendants, the Underwriter Defendants and Kohlberg.

(m)     "Defendants' Counsel" means Kirkland & Ellis LLP, O'Melveny & Myers LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP.

(n)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 37 of this Stipulation have been met and have occurred or have been waived.

(o)    "Escrow Account" means an account maintained at Valley National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(p)    "Escrow Agent" means Valley National Bank.

(q)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(r)    "ERISA" means the Employee Retirement Income Security Act of 1974.

(s)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(t)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law,

and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(u)　"Individual Defendants" means, collectively, Richard M. Smith, Hai V. Tran, Patricia Bogusz, Myron Z. Holubiak, Charlotte W. Collins, Samuel P. Frieder, David R. Hubers, Richard L. Robbins, Stuart A. Samuels, Gordon H. Woodward, and Kimberlee Seah.

(v)　"Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(w)　"Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(x)　"Lead Plaintiff" means Fresno County Employees' Retirement Association.

(y)　"Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(z)　"Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(aa)　"Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

(bb)　"Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing

8

notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account. All such Notice and Administration Costs shall be paid from the Settlement Fund.

(cc)   "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(dd)   "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Settlement Class.

(ee)   "Plaintiffs" means Lead Plaintiff and additional named plaintiff West Palm Beach Police Pension Fund.

(ff)   "Plaintiffs' Counsel" means Lead Counsel and Saxena White P.A.

(gg)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice. Any plan of allocation is not part of the Stipulation and the Released Defendant Persons shall have no responsibility or liability with respect to the plan of allocation.

(hh)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(ii)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(jj)   "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(kk)   "Released Defendants' Claims" means any and all claims, debts, demands, rights, liabilities, or causes of action (including, but not limited to, any claims for damages, interest,

9

attorneys' fees, expert or consulting fees, and any other costs, expenses, or amounts), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including both known and Unknown Claims, that (i) have been or could have been asserted in the Action or in any forum by the Defendants, or any of them, or the successors and assigns of any of them, in their capacities as such, against Lead Plaintiff, Settlement Class Members, or any of their attorneys, and (ii) arise out of or relate in any way to the institution, prosecution, or Settlement of the Action. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(ll) "Released Defendant Persons" means Defendants and their current and former parents, affiliates and subsidiaries, all current and former officers, directors, members, agents, employees and attorneys of each of the foregoing, in their capacities as such, and all insurers (and their reinsurers), successors, predecessors, assigns and assignees of the foregoing, in their capacities as such.

(mm) "Released Plaintiffs' Claims" means any and all claims, debts, demands, rights, liabilities, or causes of action (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or amounts), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether individual, class or of any other description, including both known claims and Unknown Claims (i) that have been asserted in the Action against any of the Defendants, or (ii) that could have been asserted in the Action or in any forum by Lead Plaintiff and/or the

Settlement Class Members or any of them, or by their heirs, agents, executors, administrators, trustees, beneficiaries, predecessors, successors, attorneys, or assigns, in their capacities as such, against any of the Released Defendant Persons, which arise out of or are related to any of the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint (including, without limitation, those concerning (a) Exjade, (b) any government investigation concerning Exjade, and (c) BioScrip's PBM business) and that relate to the purchase or sale of BioScrip common stock during the Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims that are or were asserted in any ERISA or derivative actions pending or the subject of an appeal as of October 30, 2015, including but not limited to *Park Employees & Retirement Board Employees' Annuity & Benefit Fund of Chicago v. Richard M. Smith, et al.*, C.A. No. 11000-VCG (Del. Ch.); and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(nn)  "Released Plaintiff Persons" means Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their current and former parents, affiliates and subsidiaries, all current and former officers, directors, members, agents, employees and attorneys of each of the foregoing, in their capacities as such, and all insurers (and their reinsurers), successors, predecessors, assigns and assignees of the foregoing, in their capacities as such.

(oo)  "Releasee(s)" means each and any of the Released Defendant Persons and each and any of the Released Plaintiff Persons.

(pp)  "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(qq) "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(rr) "Settlement Amount" means $10,900,000 in cash.

(ss) "Settlement Class" means all persons and entities who purchased the common stock of BioScrip during the period from November 9, 2012 through November 6, 2013, inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) the subsidiaries of BioScrip, the Underwriter Defendants, and Kohlberg; (iv) any persons who served as partners, control persons, officers, and/or directors of BioScrip, the Underwriter Defendants, or Kohlberg during the Settlement Class Period and/or at any other relevant time; (v) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(tt) "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(uu) "Settlement Class Period" means the period from November 9, 2012 through November 6, 2013, inclusive.

(vv) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ww) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to determine: (i) whether the proposed Settlement should

be approved as fair, reasonable, and adequate; (2) whether all Released Claims should be dismissed with prejudice; (3) whether an order approving the Settlement should be entered thereon; (4) whether the allocation of the Settlement Fund should be approved; and (5) whether any application for an award of attorneys' fees and/or Litigation Expenses should be approved.

(xx) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(yy) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) all taxes imposed on payments by the Settlement Fund, including withholding taxes; and (iii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(zz) "Underwriter Defendants" means, collectively, Jefferies LLC, Morgan Stanley & Co. LLC, SunTrust Robinson Humphrey, Inc., Dougherty & Company, and Noble International Investments, Inc.

(aaa) "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with

respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## CLASS CERTIFICATION

2. Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure; *provided, however*, that if the conditions set out in ¶ 37 are not met, or if any Party otherwise exercises its right to terminate the Settlement as provided in this Stipulation, Defendants reserve their right to contest (a) certification of the Action as a class action; (b) certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class.

14

## PRELIMINARY APPROVAL OF SETTLEMENT

3.     Promptly upon execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.     The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective current and future heirs, executors, administrators, predecessors, successors, attorneys, insurers, agents, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Released Defendant Persons, and shall forever be barred and enjoined from commencing any action with respect to, instituting any action with respect to, or prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendant Persons.

6.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of

15

themselves, and their respective current and future heirs, executors, administrators, predecessors, successors, attorneys, insurers, agents, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Released Plaintiff Persons, and shall forever be barred and enjoined from commencing any action with respect to, instituting any action with respect to, or prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff Persons.

7.        Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.        In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Released Defendant Persons, BioScrip shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than fifteen (15) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to deliver a check or effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, the proper name of the payee of and address for delivery of any check, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

## USE OF SETTLEMENT FUND

9.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 24-35 below.

10.     The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except: (a) as provided in the Stipulation; or (b) by an order of the Court.

11.     The Released Defendant Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

12.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.

13.     The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Interest earned on the money deposited into the Escrow Account shall be part of the Settlement

Fund. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

14.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1. Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Released Defendant Persons shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Released Defendant Persons shall have no

18

responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

16.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Released Defendant Person or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Released Defendant Persons, or any other person or entity who or which paid any portion of the Settlement Amount.

18.     After the Effective Date, the Released Defendant Persons shall have no interest in the Settlement Fund or in the Net Settlement Fund.  The Released Defendant Persons shall not

be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of claims, taxes, legal fees, or any other expenses payable from the Settlement Fund.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

19.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

20.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment to the Settlement Fund in full no later than ten (10) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. Such

refund or repayment will include interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Any refunds required pursuant to this paragraph shall be the joint and several obligation of each Plaintiffs' Counsel receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund.

21.     An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses. It is further agreed that the procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and Litigation Expenses, including fees for experts and consultants to be paid out of the Settlement Fund, and any order or proceeding relating thereto, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to such applications, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

22.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Released Defendant Persons shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

23.     Released Defendant Persons shall have no responsibility for any payment of attorneys' fees and Litigation Expenses to Lead Counsel or any other Plaintiffs' Counsel apart from payment of the Settlement Amount pursuant to ¶ 8.

## NOTICE AND SETTLEMENT ADMINISTRATION

24.     As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than BioScrip's obligation to provide or cause to be provided its shareholder records as provided in ¶ 25 below, none of the Defendants, nor any other Released Defendant Persons, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members, or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

25.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, BioScrip shall provide

22

or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its shareholder lists (consisting of names and addresses) of the holders of BioScrip common stock during the Settlement Class Period.

26. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

27. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Released Defendant Persons shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Released Defendant Persons, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

28. Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other

23

proceeding of any kind against the Released Defendant Persons with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

29.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Released Defendant Persons, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

30.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be

permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Persons with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary.

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any

supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

31. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

32. Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

33. Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendant Persons with respect to any and all of the Released Plaintiffs' Claims.

34.     No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Released Defendant Persons and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiff and Released Defendant Persons, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

35.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

36.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION OR TERMINATION

37.     The Effective Date of the Settlement shall be deemed to occur on the occurrence

or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the

form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in

accordance with the provisions of ¶ 8 above;

(c)     BioScrip has not exercised its option to terminate the Settlement pursuant to

the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 41 below);

(d)     Lead Plaintiff has not exercised its option to terminate the Settlement

pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice

to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil

Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered

an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate

Judgment has become Final.

38.     Upon the occurrence of all of the events referenced in ¶ 37 above, any and all

remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely

and forever extinguished and the Releases herein shall be effective.

39.     If (i) BioScrip exercises its right to terminate the Settlement as provided in this

Stipulation; (ii) Lead Plaintiff exercises its right to terminate the Settlement as provided in this

Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the

Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of October 30, 2015.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 39 and ¶¶ 17, 20, 42 and 67, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 20 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to BioScrip (or such other persons or entities as BioScrip may direct). In the event that the funds received by Lead Counsel consistent with ¶ 20 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to BioScrip (or such other persons or entities as BioScrip may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 20 above.

(e)     At the request of any Defendant or Lead Plaintiff, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to BioScrip (or such other persons or entities as BioScrip may direct).

40. It is further stipulated and agreed that Lead Plaintiff and BioScrip shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 39 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

41. In addition to the grounds set forth in ¶ 40 above, BioScrip shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Bioscrip's confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court

otherwise directs or a dispute arises between Lead Plaintiff and BioScrip concerning its interpretation or application.

## NO ADMISSION OF WRONGDOING

42.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Released Defendant Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Persons with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Persons or in any way referred to for any other reason as against any of the Released Defendant Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; *provided, however*, that Released Defendant Persons may file the Stipulation and/or the Judgment and/or the Alternate Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(b)     shall be offered against any of the Released Plaintiff Persons, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

43.     No later than ten (10) days after the Stipulation is filed with the Court, Defendants shall, at Defendants' expense, serve or caused to be served proper notice of the proposed Settlement upon the appropriate federal and state officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b)-(c). Simultaneously, Defendants shall provide a copy of such notice as well as proof of service of such notice to Lead Counsel.

44.     The Parties acknowledge and warrant as follows:

(a)     By executing this Stipulation, each of the Parties represents that they have carefully read and fully understand this Stipulation and its final and binding effect;

(b)     By executing this Stipulation, each of the Parties represents that the execution and delivery of this Stipulation and the performance of each and every obligation in this Stipulation do not and will not result in a breach of or constitute a default under, or require any consent under, any duty, relationship, contract, agreement, covenant, promise, guarantee, obligation or instrument to which the executing Party is a party or by which the executing Party is bound or affected.

(c)     By executing this Stipulation, each of the Parties represents that there is no demand for monetary, non-monetary, or injunctive relief, or any civil, criminal, administrative, or arbitration proceeding for monetary, non-monetary, or injunctive relief known or suspected to exist against them that would affect this Stipulation or their ability to enter into, execute or perform each and every obligation in this Stipulation.

(d)     By executing this Stipulation, each of the Parties represents that this Stipulation is fair and is executed voluntarily, with full knowledge of the consequences and implications of the obligations contained herein.

(e)     By executing this Stipulation, each of the Parties represents that this Stipulation is not the result of any fraud, duress, or undue influence, and that they have not assigned, transferred, or conveyed or purported to assign, transfer, or convey, voluntarily, involuntarily or by operation of law, any or all of their respective rights and claims.

(f)     By executing this Stipulation, each of the Parties represents that they have had the opportunity to be represented by counsel of their choice that is duly licensed to practice in the State of New York throughout the negotiations which preceded the execution of this Stipulation and in connection with the preparation and execution of this Stipulation.

(g)     By executing this Stipulation, each of the Parties represents that they have been afforded sufficient time and opportunity to review this Stipulation with advisors and counsel of their choice.

45.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

46.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

47.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

48.     Except as otherwise provided herein, each Party shall bear its own costs.

49.     Lead Plaintiff, on behalf of the Settlement Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and is also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class that: (a) are not materially inconsistent with the Judgment entered by the Court; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

50. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument. The Parties shall exchange among themselves original signed counterparts of this Stipulation, and a complete set of executed counterparts of this Stipulation shall be filed with the Court.

51. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize. No assignment shall relieve any party hereto of any obligations hereunder.

52. The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

53. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

54. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

55. BioScrip warrants that, as to the payments made or to be made by or on behalf of it and the other Defendants, at the time of entering into this Stipulation and at the time of such

payment, BioScrip, or to its knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of it and the other Defendants render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by BioScrip and not by its counsel.

56.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 39 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 39.

57.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against the Released Defendant Persons with respect to the Released Plaintiffs' Claims. Accordingly, Lead Plaintiff and its counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis. No Party shall assert any claims of any

violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Phillips, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

58. While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Lead Plaintiff and its counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

59. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. The provisions of this Stipulation may not be waived except by a writing signed by the affected Party or counsel for that Party. No failure or delay on the part of any Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Party operate as a

waiver thereof or of any other right, remedy, power, or privilege of such Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

60.     The Parties agree that nothing contained in this Stipulation shall cause any Party to be the agent or legal representative of another Party for any purpose whatsoever, nor shall this Stipulation be deemed to create any form of business organization between the Parties, nor is any Party granted any right or authority to assume or create any obligation or responsibility on behalf of any other Party, nor shall any Party be in any way liable for any debt of another Party as a result of this Stipulation except as explicitly set forth herein.

61.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

62.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

63.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the right, legal capacity, power, and authority to enter into this Stipulation and to perform their obligations hereunder, without the further consent, approval, or authorization of any person, board, entity, tribunal, or other regulatory or governmental authority.

64.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in

this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

65.     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

66.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiff or Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Attn: Hannah G. Ross, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020<br>Telephone: (212) 554-1400<br>Facsimile: (212) 554-1444<br>Email: Hannah@blbglaw.com |
| If to BioScrip or the Individual Defendants: | Kirkland & Ellis LLP<br>Attn: Shireen A. Barday, Esq.<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: shireen.barday@kirkland.com |
| With a copy, which shall not constitute notice, to: | BioScrip, Inc.<br>Attn: Matthew F. Dexter, Esq.<br>100 Clearbrook Road<br>Elmsford, NY 10523<br>Telephone: (914) 460-1600<br>Facsimile: (914) 371-2368<br>Email: matthew.dexter@bioscrip.com |

| If to the Underwriter Defendants: | O'Melveny & Myers LLP |
|---|---|
| | Attn: Jonathan Rosenberg, Esq. |
| | William Sushon, Esq. |
| | 7 Times Square |
| | New York, NY 10036 |
| | Telephone: (212) 326-2000 |
| | Facsimile: (212) 326-2061 |
| | Email: jrosenberg@omm.com |
| If to Kohlberg: | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| | Attn: Leslie Gordon Fagen, Esq. |
| | 1285 Avenue of the Americas |
| | New York, NY 10019 |
| | Telephone: (212) 373-3000 |
| | Facsimile: (212) 757-3990 |
| | Email: lfagen@paulweiss.com |

67. Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

68. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

69. This Stipulation shall be construed and interpreted to effectuate the intent of the Parties, which is to resolve completely those claims and disputes as more fully described herein.

70. Pending approval of the Court of the Stipulation and its exhibits, all proceedings in the Action shall be stayed and Lead Plaintiff and all members of the Settlement Class shall be

barred and enjoined from prosecuting any of the Released Plaintiffs' Claims again the Released Defendant Persons.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of December 18, 2015.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _Hah P_____

Hannah G. Ross
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Lead Counsel for Lead Plaintiff and the Settlement Class*


**KIRKLAND & ELLIS LLP**

By: _____

Shireen A. Barday
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Counsel for Defendants BioScrip, Inc., Richard M. Smith, Hai V. Tran, Patricia Bogusz, Myron Z. Holubiak, Charlotte W. Collins, Samuel P. Frieder, David R. Hubers, Richard L. Robbins, Stuart A. Samuels, Gordon H. Woodward, and Kimberlee Seah*

barred and enjoined from prosecuting any of the Released Plaintiffs' Claims again the Released

Defendant Persons.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys, as of December 18, 2015.

**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**

By: _____

Hannah G. Ross
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Lead Counsel for Lead Plaintiff
and the Settlement Class*

**KIRKLAND & ELLIS LLP**

By: _____

Shireen A. Barday
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Counsel for Defendants BioScrip, Inc.,
Richard M. Smith, Hai V. Tran, Patricia
Bogusz, Myron Z. Holubiak, Charlotte W.
Collins, Samuel P. Frieder, David R. Hubers,
Richard L. Robbins, Stuart A. Samuels,
Gordon H. Woodward, and Kimberlee Seah*

**O'MELVENY & MYERS LLP**

By: _____ /NA
    Jonathan Rosenberg
    William J. Sushon
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Counsel for Defendants Jefferies LLC,*
*Morgan Stanley & Co., SunTrust Robinson*
*Humphrey, Inc., Dougherty & Co., and*
*Noble International Investments, Inc.*


**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**


By: _____
    Leslie Gordon Fagen
    Daniel J. Kramer
    Robert N. Kravitz
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel for Kohlberg & Co., LLC*

42

**O'MELVENY & MYERS LLP**

By: _____
    Jonathan Rosenberg
    William J. Sushon
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Counsel for Defendants Jefferies LLC,*
*Morgan Stanley & Co., SunTrust Robinson*
*Humphrey, Inc., Dougherty & Co., and*
*Noble International Investments, Inc.*


**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**

By: *[signature]*
    Leslie Gordon Fagen
    Daniel J. Kramer
    Robert N. Kravitz
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel for Kohlberg & Co., LLC*