**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE BIOSCRIP, INC. SECURITIES LITIGATION | Civil Action No. 13-cv-6922-AJN |

**MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S**
**MOTION FOR APPROVAL OF DISTRIBUTION PLAN**

**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
Hannah G. Ross
Jai Chandrasekhar
1251 Avenue of the Americas
New York, NY 10020
Telephone:     (212) 554-1400
Facsimile:     (212) 554-1444

*Lead Counsel for the Settlement Class*

Dated:  June 5, 2017

**TABLE OF CONTENTS**

I.      BACKGROUND ................................................................................................. 1

II.     CLAIMS ADMINISTRATION ......................................................................... 2

III.    FEES AND EXPENSES OF CLAIMS ADMINISTRATOR ............................. 6

IV.     DISTRIBUTION PLAN OF THE NET SETTLEMENT FUND ....................... 7

V.      RELEASE OF CLAIMS .................................................................................... 9

VI.     CONCLUSION .................................................................................................. 9

Lead Plaintiff, Fresno County Employees' Retirement Association, respectfully submits this memorandum in support of its motion for entry of the proposed Order Approving Distribution Plan (the "Distribution Order") for the proceeds of the Settlement in the above-captioned action (the "Action"). The Distribution Plan is set forth in the accompanying Declaration of Eric Schachter in Support of Lead Plaintiff's Motion for Approval of Distribution Plan (the "Schachter Declaration" or "Schachter Decl."),[1] submitted on behalf of the Court-approved Claims Administrator, A.B. Data, Ltd. ("A.B. Data").

If entered by the Court, the Distribution Order will, among other things, (i) approve A.B. Data's administrative recommendations accepting and rejecting Proofs of Claim submitted herein; (ii) direct the distribution of the Net Settlement Fund to Settlement Class Members whose Claims have been accepted as valid and approved by the Court; and (iii) approve A.B. Data's fees and expenses incurred and to be incurred in connection with the administration of the Settlement.

## I.     BACKGROUND

The Court has approved the Stipulation entered into by Lead Plaintiff and Defendants. The Stipulation sets forth the terms of the settlement (the "Settlement") which represents a complete resolution of this Action. Pursuant to the terms of the Settlement, $10.9 million was deposited in escrow for the benefit of the Settlement Class.

In accordance with the Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 106) ("Preliminary Approval Order"), A.B. Data has mailed the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation

---

[1] Unless otherwise indicated herein, all terms with initial capitalization shall have the meanings ascribed to them in the Schachter Declaration or in the Stipulation and Agreement of Settlement filed December 18, 2015 (ECF No. 101-1) (the "Stipulation").

Expenses (the "Notice") and the Proof of Claim and Release form (the "Proof of Claim" and, together with the Notice, the "Notice Packet") to potential Settlement Class Members and to brokers and other nominees.  As set forth in the accompanying Schachter Declaration, A.B. Data has mailed 35,117 Notice Packets to potential Settlement Class Members and nominees.  Schachter Decl. ¶ 4. The Notice informed Settlement Class Members that if they wished to be eligible to participate in the distribution of the Net Settlement Fund, they were required to submit Proofs of Claim by mail, postmarked no later than July 12, 2016.

The Court granted final approval to the Settlement and the Effective Date has occurred. Accordingly, the Net Settlement Fund may be distributed to Authorized Claimants.[2]  Pursuant to the Stipulation,[3] Lead Plaintiff respectfully asks the Court to enter the Distribution Order approving the Distribution Plan as set forth herein.

## II.    CLAIMS ADMINISTRATION

As detailed in the accompanying Schachter Declaration, through May 12, 2017, A.B. Data received and processed 12,693 Proofs of Claim.  Schachter Decl. ¶ 6.  Of those Claims, 193 were subsequently withdrawn by the filer.  Thus, 12,500 Claims are the subject of Lead Plaintiff's motion ("Presented Claims").  Many of the Proofs of Claim initially submitted were deficient or ineligible for one or more reasons, including not being signed, not being properly documented, or being otherwise deficient.  Schachter Decl. ¶ 18.

---

[2] As set forth in the Schachter Declaration, the distribution of the Net Settlement Fund cannot occur until the Court enters an order with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.  *See* Schachter Decl. ¶ 3.  This is because the amount of the Net Settlement Fund, which is the Settlement Fund less (i) Court-awarded attorneys' fees and litigation expenses, and (ii) costs of administration, cannot be determined until those amounts are known.

[3] *See* Stipulation ¶ 32.

If a paper Proof of Claim was determined to be defective or ineligible, a letter was sent to the Claimant describing the defect(s) in his, her or its Proof of Claim and what was necessary to cure any "curable" defect(s) in the Proof of Claim. *Id*. ¶ 19.[4]  The letter advised the Claimant that the submission of the appropriate information and/or documentary evidence to complete the Proof of Claim had to be sent within twenty (20) days from the date of the letter or the Proof of Claim would be recommended for rejection to the extent the deficiency or condition of ineligibility was not cured. *Id*.  An example of such a letter is attached as Exhibit A to the Schachter Declaration.  Schachter Decl. ¶ 19 and Exhibit A thereto.

With respect to Electronic Claims, A.B. Data contacted the banks, brokers, nominees, and other filers to confirm receipt of their submissions and to notify the filers of any deficiencies or Electronic Claims that were ineligible.  These filers were sent an email to the email address included with their Proof of Claim ("Status Email") with an attached Excel spreadsheet containing detailed information associated with the accounts and indicating which of those accounts within the filing were deficient and/or rejected ("Status Spreadsheet").[5]  The Status Email (a) notified the filer that any Claims with deficiencies not corrected within twenty (20) days from the date of the email may be rejected; (b) advised the filer of its right to contest the rejection of the Claim(s) and request Court review of A.B. Data's administrative determination; and (c) provided instructions for how to submit corrections.   The Status Spreadsheet, attached to the Status Email, contained the following information:  (a) a listing of all accounts associated with the filing with unique identification numbers; (b) identification of the individual accounts that were found to be deficient or ineligible;

---

[4]  With respect to one deficient paper Claim, A.B. Data along with an attorney from Lead Counsel, addressed the deficiency in the Claim and the right to Court review with the Claimant by telephone.

[5]  With respect to one E-Claim Filer, A.B. Data along with an attorney from Lead Counsel, addressed the deficiencies in certain of the Claims filed by that filer and the right to Court review with the filer by telephone and email communications.

(c) the current status of the account in A.B. Data's database; and (d) the current Recognized Claim calculation associated with the account. Schachter Decl. ¶¶ 21 – 23. An example of the Status Email and Status Spreadsheet are attached as Exhibits B and C, respectively, to the Schachter Declaration.

A.B. Data carefully reviewed Claimants' and filers' responses to the deficiency notifications and worked with them to resolve deficiencies where possible. Schachter Decl. ¶¶ 20, 25. Consistent with the terms of the Stipulation (¶ 30(e)), the deficiency letters (and the status reports sent to E-Claim Filers) specifically advised the Claimant or filer that he, she or it had the right, within twenty (20) days after the mailing of the notification, to contest the rejection of the Claim and request Court review of the administrative determination of the Claim. Schachter Decl. ¶¶ 19, 22, 23 and 26 and Exhibits A and B thereto.

A.B. Data received only 1 request for a review by the Court of its administrative determinations ("Disputed Claim"). Schachter Decl. ¶ 27. In an effort to resolve the dispute without necessitating the Court's intervention, A.B. Data contacted the Claimant both by email and telephone and provided a detailed explanation for the reason the Claim was rejected. Nonetheless, the Claimant stated that he wished to maintain his request for judicial review of the rejection of his Claim.

The Disputed Claim is being presented to the Court for resolution by this motion. As set forth in more detail in paragraphs 28 and 29 of the Schachter Declaration and Exhibit D thereto, the Disputed Claim was rejected because it did not calculate to a Recognized Claim under the Court-approved Plan of Allocation.[6]

---

[6]  Because all of this Claimant's shares were purchased and sold within the same inflation period, under the terms of the Court-approved Plan of Allocation, the Recognized Loss Amount on his transactions is zero. *See* Schachter Decl. ¶¶ 28 – 29.

As set forth in the Schachter Declaration, of the 12,500 Claims that are the subject of this motion (the "Presented Claims"), A.B. Data has determined that 4,839 are acceptable in whole or in part, and that 7,661 should be wholly rejected because they are ineligible for payment from the Net Settlement Fund.  Schachter Decl. ¶¶ 34-38.  Lead Plaintiff requests that the Court approve A.B. Data's administrative determinations accepting and rejecting Claims as set forth in the Schachter Declaration.

The 12,500 Presented Claims include 5,339 Proofs of Claim that were postmarked or received after the Court-approved Claim filing deadline of July 12, 2016, of which 510 are, but for the late submission, otherwise eligible.  Schachter Decl. ¶ 30.  While these 510 Claims were late, they were received while the processing of timely Claims was ongoing, and due to the amount of time needed to process the timely Claims received, the processing of these late Claims did not delay the completion of the claims administration process or the distribution of the Net Settlement Fund.  The Court has discretion to accept Claims submitted after the filing deadline.[7]  It is respectfully submitted that, when the equities are balanced, it would be unfair to prevent an otherwise eligible Claim from participating in the Net Settlement Fund solely because it was submitted after the Court-approved Claim filing deadline, when it was submitted while timely Claims were still being processed.

In order to facilitate the efficient distribution of the Net Settlement Fund, however, there must be a final cut-off after which no other Proofs of Claim may be accepted.  Accordingly, Lead

---

[7] *See* Notice ¶ 42 ("*Unless the Court otherwise orders*, any Settlement Class Member who fails to submit a Claim Form postmarked on or before July 12, 2016 shall be fully and forever barred from receiving payments pursuant to the Settlement . . .") (emphasis added); *see also* Preliminary Approval Order at ¶ 12 ("Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty days after the Notice Date [July 12, 2016].  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.").

5

Plaintiff respectfully requests that the Court order that any new Claims and any adjustments to previously filed Claims that would result in an increased Recognized Claim amount that are received after May 12, 2017 be barred[8] subject to the provision of subparagraph 40(f) of the Schachter Declaration.  That paragraph provides that, if any Proofs of Claim are received or modified after May 12, 2017 that would have been eligible for payment or additional payment under the Court-approved Plan of Allocation if timely received then, at the time that Lead Counsel, in consultation with A.B. Data, determines that a redistribution is not cost effective as provided in subparagraph 40(e) of the Schachter Declaration, such Claimants, after payment of fees and expenses as set forth in subparagraph 40(f) of the Schachter Declaration, at the discretion of Lead Counsel, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible.

### III.    FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

In accordance with A.B. Data's agreement with Lead Counsel to act as the Claims Administrator for the Settlement, A.B. Data was responsible for, among other things, mailing and publishing notice to the Settlement Class, creating and maintaining a settlement website and toll-free telephone helpline, processing the Proofs of Claim, and allocating and distributing the Net Settlement Fund to Authorized Claimants.  As set forth in the Schachter Declaration, A.B. Data's fees and expenses for its work performed and estimated to be performed on behalf of the Settlement Class in connection with the Distribution of the Net Settlement Fund total $152,821.43.  Schachter Decl. ¶ 39.  To date, A.B. Data has not received any payment of fees and expenses.  *Id.*

---

[8]  Should an adjustment be received that results in a lower Recognized Claim amount, that adjustment will be made and the Recognized Claim amount will be reduced accordingly prior to a distribution to that Claimant.

Accordingly, there is a total amount of $152,821.43 payable to A.B. Data. *Id*. Lead Plaintiff respectfully requests that the Court approve all of A.B. Data's fees and expenses.

## IV.   DISTRIBUTION PLAN OF THE NET SETTLEMENT FUND

Lead Plaintiff, on notice to Defendants' Counsel, respectfully moves the Court for an order approving A.B. Data's determinations concerning the acceptance and rejection of the Claims that are included in this motion and approving the proposed plan for distribution of the Net Settlement Fund as set forth in the Schachter Declaration (the "Distribution Plan").[9]

**Distribution of Net Settlement Fund**

Pursuant to the proposed Distribution Plan, A.B. Data will distribute 100% of the Net Settlement Fund, after deducting all payments approved by the Court, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees (the "Distribution"). In the Distribution, A.B. Data will determine a Distribution Amount for each Authorized Claimant which shall be the Authorized Claimant's *pro rata* share of the Net Settlement Fund based on the Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants. *See* Schachter Decl. ¶ 40(a). Pursuant to the Court-approved Plan of Allocation, A.B. Data will eliminate from the distribution any Authorized Claimant whose *pro rata* share calculates to less than $10.00, and then recalculate the *pro rata* share for Authorized Claimants who are entitled to receive $10.00 or more (the "Distribution Amount"). *Id.*

In order to encourage Authorized Claimants to promptly deposit their payments, Lead Plaintiff proposes that the Distribution checks bear the notation, "DEPOSIT PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION IF NOT NEGOTIATED BY [DATE 90 DAYS AFTER

---

[9]   Under the terms of the Stipulation, Defendants have no role in or responsibility for the administration of the Settlement Fund or processing of Claims, including determinations as to the validity of Claims or the distribution of the Net Settlement Fund. *See* Stipulation ¶¶ 24, 29.

ISSUE DATE]." Authorized Claimants who do not negotiate their checks within the time allotted or on the conditions set forth in paragraph 40(b) footnote 7 of the Schachter Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks will be available to be redistributed to other Authorized Claimants in any subsequent distribution as described below. *Id*. ¶ 40(c).

**Additional Distribution(s) of Net Settlement Fund**

After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants negotiate their Distribution checks, but no earlier than nine (9) months after the Distribution, A.B. Data will, if Lead Counsel, in consultation with A.B. Data, determines that it is cost effective to do so, conduct a second distribution of the Net Settlement Fund (the "Second Distribution"). In any such Second Distribution, any amounts remaining in the Net Settlement Fund after the Distribution (including the funds for all void stale-dated checks), after deducting A.B. Data's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Distribution who cashed their Distribution check and who are entitled to at least $10.00 from the redistribution based on their *pro rata* share of the remaining funds. Schachter Decl. ¶ 40(d). If cost effective, subsequent redistributions of the funds remaining in the Net Settlement Fund, after deduction of costs and expenses as described above and subject to the same conditions, will take place in nine-month intervals thereafter. *Id.* ¶ 40(d). At such time as Lead Counsel, in consultation with A.B. Data, determines that further redistribution is not cost effective, the balance of the Net Settlement Fund, after payment of any unpaid costs or fees and any payment, at the discretion of Lead Counsel, of any otherwise valid Claims received or adjusted

8

upward after May 12, 2017, shall be donated to non-sectarian, not-for-profit 501(c)(3) organization(s), recommended by Lead Counsel and approved by the Court. *Id.* ¶ 40(e).

## V.   RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, Lead Plaintiff respectfully requests that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement, and bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to Authorized Claimants.

## VI.   CONCLUSION

For the foregoing reasons, it is respectfully submitted that Lead Plaintiff's Motion for

9

Approval of Distribution Plan should be granted, and the proposed Order Approving Distribution

Plan should be entered.

Dated:  June 5, 2017                                    Respectfully submitted,

                                                             **BERNSTEIN LITOWITZ BERGER**
                                                                  **& GROSSMANN LLP**

                                                           */s/ Hannah G. Ross*
                                                           Hannah G. Ross
                                                           Jai Chandrasekhar
                                                           1251 Avenue of the Americas, 44th Floor
                                                           New York, New York 10019
                                                           Telephone: 212-554-1400
                                                           Facsimile: 212-554-1444
                                                           Hannah@blbglaw.com
                                                           Jai@blbglaw.com

                                                           *Counsel for Lead Plaintiff Fresno County*
                                                           *Employees' Retirement Association and Lead*
                                                           *Counsel for the Settlement Class*

#1084155

10